UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **SHAYLA JEFFERSON-JAMES** | **CASE NO.  6:23-CV-01120 LEAD** |
| | **6:23-CV-01219 MEMBER** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **TRANSWORLD SYSTEMS** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before this Court in these consolidated suits are two motions to dismiss captioned DEFENDANT, TRANSWORLD SYSTEMS, INC.'S MOTION TO DISMISS. (Rec. Doc. 7 in 23-CV-1120; Rec. Doc. 8 in 23-CV-1219). Plaintiff Shayla Jefferson-James, appearing *pro se*, filed an opposition (Rec. Doc. 10) to which Transworld filed a reply (Rec. Doc. 14). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that Transworld's Motion to Dismiss filed in 23-CV-1120 (Rec. Doc. 7) be GRANTED, that Transworld's Motion to Dismiss filed in 23-CV-1219 (Rec. Doc. 8) be DENIED AS MOOT, and that Plaintiff Shayla Jefferson-James' claims against Transworld be DISMISSED WITH PREJUDICE.

### Factual Background

The instant suits arise out of Transworld's attempted collection activity on Plaintiff's defaulted student loans. Plaintiff alleges that she is a "consumer" under both the Fair Credit Reporting Act (FCRA) and Fair Debt Collection Practices Act (FDCPA). *See* 15 U.S.C. § 1692a(3) (defining term "consumer"). (Rec. Doc. 5 at ¶ 4). She further alleges that Transworld is a "furnisher" under 15 U.S.C. § 1681a(b) and was "engaged in the collection of debt" under 15 U.S.C. § 1692a(5). (*Id*. at ¶¶ 5, 8). According to the amended complaint, Plaintiff reviewed her credit report from Transunion and observed an "unauthorized

1

inquiry" from Transworld that was "unlawfully obtained." (*Id.* at ¶¶ 9-11). Plaintiff allegedly never initiated a credit transaction with Transworld and did not have an account with Transworld. (*Id.* at ¶ 13). She alleges that Transworld violated the FCRA by failing to have a permissible purpose to obtain her consumer report, failing to have a court order to obtain her consumer report, and not having her written permission to obtain her consumer report. (*Id.* at ¶ 35). She also contends that she did not have an account with Transworld. (*Id.*).

Plaintiff alleges that she received a phone call from Transworld at 12:50 p.m. on March 17, 2023 "attempting to collect on an alleged debt from Transworld [] for private student loan debt. . . ." (*Id.* at ¶ 30). She alleges that she missed the call and returned it to inform the Transworld representative that she was at work and that it was not a good time to call. (*Id.*). At 9:21 a.m. on March 24, 2023, a Transworld representative called Plaintiff, which again she missed. Plaintiff again returned the call to advise that she was at work and could not talk. The March 24 phone call is alleged to violate 15 U.S.C. §§ 1692c(a)(1) and 1692c(a)(3). (*Id.* at ¶ 31). For these alleged violations, Plaintiff seeks actual and statutory damages under the FCRA and FDCPA. (*Id.* at Prayer).

On August 18, 2023, Plaintiff filed a complaint against Transworld alleging one violation of the FCRA. (Rec. Doc. 1 in 23-CV-1120). On October 3, 2023, Plaintiff filed an "Amended Complaint and Demand for Jury Trial" against Transworld alleging the same violation of the FCRA and adding the two FDCPA claims. (Rec. Doc. 5). Transworld filed its instant Motion to Dismiss in response to the amended complaint. (Rec. Doc. 7). Plaintiff filed a document captioned "Amended Complaint and Response to Defendant Transworld Systems, Inc.['s] Motion to Dismiss" which the Court construes as an opposition. (Rec. Doc. 10). Transworld filed a reply memorandum. (Rec. Doc. 14).

On September 5, 2023, Plaintiff filed a complaint against Transworld alleging two violations of the FDCPA. (Rec. Doc. 1 in 23-CV-1219). Transworld responded with its other Motion to Dismiss. (Rec. Doc. 15). By order dated December 20, 2023, Magistrate Judge Whitehurst transferred 23-CV-1219 to 23-CV-1120 since the latter matter was filed first, resulting in the reassignment to the undersigned. (Rec. Doc. 7). By order dated January 10, 2024, the undersigned consolidated the matters. (Rec. Doc. 16). As a result of the consolidation, the amended complaint filed in 23-CV-1219 was docketed in the consolidated matter under 23-CV-1120. (Rec. Doc. 19). Since Transworld's Motion to Dismiss filed in 23-CV-1120 (Rec. Doc. 7) is directed to Plaintiff's FCRA and FDCPA claims asserted in the amended complaint filed in this case (Rec. Doc. 5), the Court considers that Motion to Dismiss as the operative dispositive motion addressing all of Plaintiff's claims. As such, Transworld's Motion to Dismiss filed in 23-CV-1219 (Rec. Doc. 8) should be considered moot.

## **Applicable Standards**

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to

3

accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atl.*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl.*, 127 U.S. at 556). *See also In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The Court is also permitted to take judicial notice of public records as well as facts which are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011).

## Analysis

### A. FCRA Claim

Plaintiff's FCRA claim contends that Transworld violated 15 U.S.C. § 1681b(f) for the following reasons: Transworld did not have a permissible purpose to obtain Plaintiff's consumer report; Transworld did not obtain a court order to obtain her consumer report; Plaintiff never gave permission for Transworld to obtain her consumer report; and Plaintiff does not have an account with Transworld. (Rec. Doc. 5 at ¶35). Transworld contends in its motion that it had a permissible purpose to obtain Plaintiff's consumer report to collect on Plaintiff's defaulted student loans. In the post-motion amended complaint construed as an opposition, Plaintiff argues that her "private student loan account" is not the type of account for which a debt collector can obtain a consumer report, suggesting that the account types are limited to "a demand deposit, savings deposit, or other asset account." (Rec. Doc. 10 at 3). In its reply, Transworld notes that student loans in fact fall within the definition of "account." (Rec. Doc. 14 at 3).

5

"Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007). Under 15 U.S.C. § 1681b(a)(3)(A), "any consumer reporting agency may furnish a consumer report under the following circumstances and no other: . . . (3) To a person which it has reason to believe . . . (A) intends to use the information in connection with a credit transaction involving the consumer on which the information is to be furnished and involving the extension of credit to, or review **or collection of an account of**, the consumer. . . ." (emphasis added). The parties do not dispute that Transworld is not a consumer reporting agency.

The same statute further limits the use of consumer reports. Section 1681b(f) provides that "[a] person shall not use or obtain a consumer report for any purpose unless— (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section. . . ." Therefore, this section expressly makes the permissible purposes set out in Section 1681b(a) applicable to users of credit reports— such as Transworld—and provides a means for imposing liability for using or obtaining a consumer report in violation of the statute.

Here, Plaintiff alleges in a conclusory fashion that Transworld lacked a permissible purpose to obtain her consumer report and that Transworld lacked a court order and did not get her permission. She alleges no *facts* to support a claim that Transworld lacked a legitimate business need, i.e., that Transworld did not have a permissible purpose to obtain her consumer report. She acknowledges that Transworld is a debt collector and was acting in connection with her defaulted student loans.

The Court further finds unavailing Plaintiff's claim that Transworld failed to obtain her permission prior to obtaining her consumer report. Consumer consent is not required if a consumer report is obtained for a permissible purpose as permitted under Section

6

1681b(a)(3). *See Alessandro-Robert v. Experian Info. Solutions, Inc.*, 2023 WL 6462860 at *5 (N.D. Tex.) (collecting cases); *Wallace v. Finkel*, 2006 WL 1731149 at *5 (M.D. Ala.) (stating same and listing instances under FCRA where consumer consent or notice is required). For these reasons, the undersigned recommends that Transworld's motion be granted as to Plaintiff's FCRA claim.

### B. FDCPA Claims

As mentioned above, a Transworld representative phoned Plaintiff at 12:50 p.m. on March 17, 2023 and at 9:21 a.m. on March 24, 2023. Plaintiff did not answer either call but instead returned the calls and stated that she was at work and that it was not a good time to talk. She asserts that she recorded both calls, and that the March 24 call violates Section 1692c(a)(1) and 1692c(a)(3). Both claims fail. At the outset, Plaintiff alleges no facts that the Transworld representative made any false or deceptive statements since the Transworld representative's calls were not answered *and Plaintiff called back*. Also, the complaints are devoid of allegations of harassment or abuse as contemplated by Section 1692d, allegations of false or misleading representations as contemplated by Section 1692e, or allegations of unfair practices as contemplated by Section 1692f.

Under 15 U.S.C. § 1692c(a)(1), a debt collector may not communicate with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location. . . ." Under the statute, the call times were reasonable and the calls were placed to Plaintiff's personal phone;[1] therefore, Plaintiff has alleged no facts to suggest

---

[1] The complaints do not allege that the calls were placed to a number at Plaintiff's place of work, nor does she allege any facts regarding the circumstances of her employment. She alleges that she

that the time or place was unusual or that Transworld knew or should have known that the time was inconvenient. The complaints are devoid of allegations that Plaintiff put the Transworld representative on notice of her work schedule such that Transworld knew or should have known that its second call one week later would have been inconvenient.

Along the same lines, 15 U.S.C. § 1692c(a)(3) provides that a debt collector may not communicate with a consumer "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." Plaintiff does not allege that the first call on March 17, 2023 was at her place of employment—as opposed to her personal phone—or that Transworld knew or should have known that Plaintiffs' employer prohibited her from receiving communications from debt collectors. With respect to the March 24, 2023 call, Plaintiff alleges as follows:

> On March 24, 2023 [at] 9:21 am, Defendant called Plaintiff again while at work but Plaintiff missed the call and called Defendant back and Plaintiff stated[,] "I'm at work and it's not a good time for me to talk[.]" [T]he representative then proceeded to ask what's a good time to talk or when Mrs. Jefferson-James could give them a call back. Plaintiff informed the representative that her boss does not allow her to have personal calls. The phone call was in violation of 15 U.S.C. [§§] 1692c(a)(1) and 15 U.S.C. 1692c(a)(3). (Plaintiff is in possession of the recording)

(Rec. Doc. 5 at ¶ 31) (parenthetical in original). Again, no facts are alleged that Plaintiff put Transworld on notice during the March 17 callback that Plaintiff's employer prohibited her from taking calls from debt collectors.[2] Plaintiff so informed the Transworld representative during the March 24 call; however, Plaintiff does not allege that Transworld attempted to contact her subsequent to the March 24 call. Transworld would have been on

---

missed the calls, returned them, and for some reason recorded them. Transworld's Motion to Dismiss and reply cite authority distinguishing calls to the consumer's place of employment rather than to a personal phone number. (Rec. Docs. 7-1 at p. 7; 14 at p. 5). The Court agrees with Transworld's distinction.

[2] Presumably, if Plaintiff's employer prohibited phone calls from debt collectors, it would have likewise prohibited phone calls to debt collectors.

8

notice that Plaintiff's employer prohibited her from taking calls had it attempted to contact Plaintiff again, but Plaintiff does not reference any subsequent contacts by Transworld.

Under the standards set forth above, a complaint must allege specific facts and not contain conclusory allegations in order to survive a motion to dismiss under Rule 12(b)(6). The complaint must also allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. Plaintiff's complaint fails to do so for both the FCRA claim and FDCPA claims.

## Conclusion

For the reasons discussed herein, the Court recommends that DEFENDANT, TRANSWORLD SYSTEMS, INC.'S MOTION TO DISMISS (Rec. Doc. 7) be GRANTED and that all claims asserted by Plaintiff Shayla Jefferson-James be DISMISSED WITH PREJUDICE. The undersigned further recommends that DEFENDANT, TRANSWORLD SYSTEMS, INC.'S MOTION TO DISMISS (Rec. Doc. 8 in 23-CV-1219) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 26th day of September, 2024.

_____
David J. Ayo
United States Magistrate Judge